UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TISA ADAMS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STATE OF IDAHO,<br><br>　　　　　Defendant. | Case No. 4:25-cv-00200-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Tisa Adams (Plaintiff) asserts that she received constitutionally inadequate dental care during her incarceration at the Mini-Cassia Criminal Justice Center, where she is a pretrial detainee. (Dkt. 3). She sues the State of Idaho. In another simultaneously-filed case, she sues the dentist contracted to the jail on the same allegations. *See* Case No. 4:25-cv-00204-AKB, *Adams v. Wright*. Rather than have Plaintiff pay two filing fees for claims that should be asserted in one action, the Court will dismiss this case and permit Plaintiff to assert all related permissible claims in Case 204.

　　　　Plaintiff is notified that the Eleventh Amendment to the United States Constitution provides "sovereign immunity" to states and state entities. That means a state or state entity cannot be sued in federal court except in two instances: (1) where the state of Idaho has expressly waived its sovereign immunity, *see Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); or (2) where Congress acted under a valid grant of constitutional authority and specifically intended to abrogate state sovereign immunity. *See Kimel v. Fla. Bd. of Regents*, 528 U.S.

62, 73 (2000).

The state of Idaho has not waived sovereign immunity for § 1983 suits in federal court, and Congress has not abrogated state sovereign immunity for such suits. The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, a claim against the State of Idaho for constitutionally-inadequate dental care cannot be pursued in federal court.

Accordingly, **IT IS ORDERED** that this case is DISMISSED on sovereign immunity grounds and any permissible claims should be asserted by amendment in Case No. 204. The Application to Proceed in Forma Pauperis (Dkt. 1) is DENIED as MOOT.

DATED: August 20, 2025

_____
David C. Nye
Chief U.S. District Court Judge